# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In re:** | |
| **YAFET ALEM,** | **Bankr. Case No. 13-00119** |
| Debtor. | **Chapter 7** |
| **JUDY A. ROBBINS,** United States Trustee for Region 4, | |
| Plaintiff, | |
| v. | Adversary Proc. No. _____ |
| **YAFET ALEM,** | |
| Defendant. | |

## COMPLAINT OBJECTING TO DISCHARGE

Judy A. Robbins, the United States Trustee for Region 4, by counsel, hereby files this complaint under 11 U.S.C. § 727(a) seeking the denial of the Defendant's discharge. As grounds, she alleges as follows:

## PARTIES

1.  Plaintiff, Judy A. Robbins, is the United States Trustee for Region 4, with a business address in care of the Office of the United States Trustee, 115 South Union St., Suite 210, Alexandria, Virginia 22314.

2.  Defendant, Yafet Alem, is an individual, and may be served with summons at his address of record, 5334 43rd St. NW, Washington, DC 20015. Defendant is represented by Richard B. Rosenblatt, Esq.

Office of United States Trustee
Bradley D. Jones, Trial Attorney
115 South Union Street, Room 210
Alexandria, VA 22314
(703) 557-7228
bradley.d.jones@usdoj.gov                                                Page 1 of 7

## JURISDICTION

3. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(a), 28 U.S.C. § 157, and 11 U.S.C. § 727(a). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (J) and (O). Venue is proper in this Court. 28 U.S.C. § 1409(a).

4. Plaintiff has standing to seek denial of Defendant's discharge in this case. 11 U.S.C. §§ 307 and 727(c).

5. By order of this Court, dated October 1, 2013, the deadline for the United States Trustee to file a complaint objecting to the Defendant's discharge is November 16, 2013.

## FACTS

6. The Debtor and Defendant, Yafet Alem, filed a voluntary petition under chapter 7 of the Bankruptcy Code on March 1, 2013. The Defendant's schedules state that he is married with six children.

7. Marc E. Albert was appointed chapter 7 trustee in this case. Mr. Albert continues to serve as chapter 7 trustee.

### The Defendant's Schedules and Statement of Financial Affairs

8. The Defendant filed his statement of financial affairs on April 3, 2013 and his schedules on April 25, 2013.

9. On the Defendant's Schedule A, he listed two pieces of real property: a six unit apartment, titled with his father, Alem Asquedem, and a 13 unit apartment building, which he claims his interest was foreclosed on in March 2011. No other properties were listed. Docket No. 29.

10. On Schedule B, the Defendant listed the following personal property: cash in the amount of $20; a prepaid NetSpend Account with a balance of $8.32; household goods and furnishings valued at $7,200; paintings valued at $1,500; wearing apparel valued at $275;

jewelry valued at $200; a FxPro Securities Trading Account with a value of $1; and an interest in two limited liability companies, Genoa, LLC., and Meday Seventh, LLC., both valued at $0. *Id.*

11. The Defendant appears to have owned very few assets in his individual capacity. The Defendant's schedules did not list any personal bank accounts or any vehicles owned by the Defendant. *Id.*

12. On Schedule D, the Defendant listed total secured claims in the amount of $6,699,617.58, with the unsecured portion totaling $5,506,529.58. *Id.* Nearly all of this debt relates to real property, which the Defendant describes adding his name as an owner in June or August 2000.

13. On Schedule F, the Defendant listed non-priority unsecured debt of $4,257,795.41. Most of this debt consists of judgments obtained by creditors as well as a personal guarantee of business debt. *Id.*

14. On Schedule I, the Defendant listed no employment and no income other than $3,000 in family contributions. *Id.*

15. On Schedule J, the Defendant listed total monthly expenses of $3,748. *Id.*

16. The Defendant executed his schedules under the penalty of perjury. *Id.*

17. On his Statement of Financial Affairs, in response to Question 1, the Defendant listed no income "from employment or operation of business" for the past two years other than a $27,739 K1 Distribution received from Genoa, LLC. *Id.*

18. On his Statement of Financial Affairs, the Defendant listed no income "other than from employment or operation of business" for the past two years, other than $5,500 received from family and friends in 2013 and $35,280 in money received from the Defendant's father in 2012. Docket No. 23.

19. On his Statement of Financial Affairs, in response to Question 7 "Gifts," the Defendant answered "none." *Id.*

20. In response to Question 8, which requires the debtor to list "all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case, the Defendant stated, "none." *Id.*

21. In response to Question 10 on the Statement of Financial Affairs, which requires debtors to list all other property, other than property transferred in the ordinary course of business within two years immediately preceding the commencement of the case, the Defendant answered, "none." *Id.*

### Defendant's Transactions with FxPro

22. Beginning, at least in 2008, the Defendant engaged in foreign currency trading through a brokerage firm headquartered in the United Kingdom with operations in Cyprus, called FxPro.

23. The Defendant had at least five separate accounts with FxPro. These accounts were listed solely in the Defendant's name and the Defendant controlled these accounts. Since 2009 and continuing beyond the filing of the bankruptcy, the Defendant moved at least $515,000 into his FxPro Accounts. All of this money has apparently been lost.

24. The Defendant claims that he kept no records of his transactions, other than the statements he obtained from FxPro. The Defendant cannot satisfactorily explain the loss of these funds.

25. In the one year period prior to the filing of the bankruptcy, the Defendant transferred at least $37,600 to his FxPro account.

26. The Defendant continued to transfer funds to FxPro, even after his bankruptcy was filed, including an April 14, 2013 transfer in the amount of $393.50; a March 10, 2013

transfer of $393.60 March 14, 2013 transfer of $393.60; a March 27, 2013 transfer of $393.60; a March 28, 2013 transfer of $590.40; and a June 3, 2013 transfer of $295.20 [1]

27. As of August 13, 2013, the balance in the five FxPro accounts totaled $502.73.

28. The Defendant failed to disclose these losses on his statement of financial affairs.

### Defendant's Transactions with Genoa, LLC

29. The Defendant comingled his personal funds with the accounts of Genoa, LLC. and paid his significant expenses from the Genoa, LLC. account.

30. All or nearly all of the funds that the Defendant transferred to FxPro were transferred from Genoa, LLC.

31. From October 2009 to February 2013, at least $1,410,000 was deposited into bank accounts owned or controlled by Genoa, LLC.

32. In addition to the $515,000 that the Defendant transferred from Genoa, LLC. to FxPro, the Defendant distributed $903,000 of to various other individuals and entities[2] from October 2009 to February 2013. This amounted included at least $200,000 to Michael Postal or entities controlled by him; $147,500 to Yonatan Alemu; $120,000 to Global Private Investments; $118,900 to Bereket Ogbagabir; $46,700 to Tirfe Demissew; $27,460 to Daniel Missailidis; and $19,500 to Naomi Andebrhan.

33. In the one year period prior to the filing of the Defendant's bankruptcy, at least $118,000 was deposited into accounts owned or controlled by Genoa, LLC.

34. On his schedules, the Defendant valued his 49% interest in Genoa, LLC. at $0 and stated that the entity has no assets.

---

[1] In addition to these transfers, Daniel Missailidis transferred $295.20 into Mr. Alem's account on March 3, 2013; $393.60 on March 14, 2013; $196.80 on March 15; $984.00 on April 24, 2013; $1,476 on April 30, 2013; and $984 on June 13, 2013. These transfers total $4,329.60.

[2] These distributions do not include the amounts transferred to the Defendant's FxPro Account.

*Alem, Complaint Objecting to Discharge*                                                                            Page 5 of 7

35.    The Defendant cannot satisfactorily explain the loss of the funds held by Genoa, LLC.

## COUNT I
## OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(2)
## TRANSFER OF PROPERTY WITH INTENT TO DEFRAUD CREDITORS

36.    The Plaintiff incorporates the allegations set forth in paragraphs 1 through 35.

37.    The Defendant's transfers of funds to FxPro and his transfers from Genoa, LLC. were done with intent to hinder, delay, or defraud creditors in this bankruptcy case.

38.    The Defendant's failure to identify losses or repossessions was done with intent to hinder, delay, or defraud creditors in this bankruptcy case.

39.    These actions constitute a violation of 11 U.S.C. § 727(a)(2), and the Defendant's discharge should therefore be denied.

## COUNT II
## OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(3)
## FAILURE TO KEEP OR PRESERVE RECORDS

40.    The Plaintiff incorporates the allegations set forth in paragraphs 1 through 39.

41.    The Defendant has concealed, destroyed, mutilated, falsified, or failed to keep or preserve recorded information from which his financial condition or business transactions might be ascertained.

42.    In particular, the Defendant failed to maintain reasonable records regarding the hundreds of thousands of dollars in funds that he received, transferred to relatives and third parties, and lost in foreign currency market trades. The Defendant also failed to maintain reasonable books and records regarding his business, Genoa, LLC.

43.    These actions constitute a violation of 11 U.S.C. § 727(a)(3), and the Defendant's discharge should therefore be denied.

## COUNT III
## OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(4) FALSE OATH

44. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 43.

45. The Defendant's false statements and failures to disclose the transfers, possession, and loss of hundreds of thousands of dollars in property constitute material false oaths.

46. These actions constitute a violation of 11 U.S.C. § 727(a)(4), and the Defendant's discharge should therefore be denied.

## COUNT IV
## OBJECTION TO DISCHARGE UNDER 11 U.S.C. § 727(a)(5) FAILURE TO SATISFACTORILY EXPLAIN THE LOSS OF ASSETS

47. The Plaintiff incorporates the allegations set forth in paragraphs 1 through 46.

48. The Defendant has failed to satisfactorily explain the loss of hundreds of thousands of dollars in property that was received by Genoa, LLC. and the loss of hundreds of thousands of dollars in property that was transferred to his FxPro accounts.

49. These failures constitutes a violation of 11 U.S.C. § 727(a)(5), and the Defendant's discharge should therefore be denied.

**WHEREFORE**, the United States Trustee respectfully requests that this Court deny the Defendant's discharge, award the U.S. Trustee the costs of this suit, and grant such further relief as is just and proper.

November 15, 2013

JUDY A. ROBBINS
U.S. TRUSTEE, REGION 4

By: */s/ Bradley D. Jones*
    Bradley D. Jones (VSB No. 85095)
    Trial Attorney
    Office of United States Trustee
    115 South Union Street, Suite 210
    Alexandria, VA 22314
    (703) 557-7228